```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**STACIE JO SATTERFIELD,**

    **Plaintiff,**

**v.**                      //        **CIVIL ACTION NO. 1:16CV221**
                                                      **(Judge Keeley)**

**NANCY A. BERRYHILL, Acting**
**Commissioner of Social Security,**

    **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND REMANDING CASE TO COMMISSIONER [DKT. NO. 22]

On November 18, 2016, the plaintiff, Stacie Jo Satterfield ("Satterfield"), filed a complaint against the defendant, the Acting Commissioner of Social Security ("Commissioner") (Dkt. No. 1). Satterfield sought review of the Commissioner's final decision denying her application for Disability Insurance Benefits ("DIB") due to degenerative disc disease from L3 - S1 and herniated/bulging discs in her back, supraventricular tachycardia ("SVT"), severe sciatic nerve damage in her back and legs, benign hyper tensity syndrome affecting joints, left knee problems, depression, anxiety, panic attacks, and bipolar disorder (Dkt. No. 7-3 at 18-19). According to Satterfield, the Commissioner's decision to deny her DIB "is contrary to the law and is not supported by substantial evidence" (Dkt. No. 1 at 2). The Commissioner answered the complaint and filed the administrative record on January 25, 2017 (Dkt. Nos. 6; 7).

Pursuant to 28 U.S.C. § 636 and the local rules, the matter was referred to the Honorable Michael J. Aloi, United States Magistrate Judge for initial review.

In a Report and Recommendation ("R&R") dated January 16, 2018, Magistrate Judge Aloi recommended that the Court grant Satterfield's motion for summary judgment, deny the Commissioner's motion for summary judgment, vacate the Commissioner's decision, and remand this case for further proceedings (Dkt. No. 22). He reasoned that the Administrative Law Judge ("ALJ") had improperly supported an adverse credibility finding with his own perception of Satterfield's "drug-seeking behavior," despite the fact that there were "medically documented independent bases to support [her] allegations." Id. at 46-47.

More particularly, the ALJ focused on "intuitive notions about . . . motivation to work and drug use," rather than address conflicting evidence and engage in an appropriate analysis of factors such as medication, daily activities, and work history. Id. at 49-59. In addition, the ALJ reasoned that Satterfield's pain and symptoms "[were] expected to resolve to a baseline level well within 12 months," but provided "no citation to either medical evidence or a medical source for this conclusion." Id. at 60. Due to these and other deficiencies, Magistrate Judge Aloi concluded that the ALJ's decision is not supported by substantial evidence and recommended that the case be remanded.

The R&R also informed the parties of their right to file "written objections identifying the portions of the Report and Recommendations to which objections are made, and the basis for such objections." It further warned that failure to do so would result in waiver of the right to appeal. Id. at 64-65. Despite receiving the R&R through the Court's electronic filing system, neither party has filed timely objections to the recommendation.

"The Court will review de novo any portions of the magistrate judge's Report and Recommendation to which a specific objection is made...and the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984); see also Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

Having received no objections to the R&R, the Court has no duty to conduct a de novo review of Magistrate Judge Aloi's findings. Furthermore, following a review of the R&R and the record for clear error, the Court:

1) **ADOPTS** the R&R (Dkt. No. 22);

2) **GRANTS** Satterfield's Motion for Summary Judgment (Dkt. No. 15);

3) **DENIES** the Commissioner's Motion for Summary Judgment (Dkt. No. 17);

4) **VACATES** the decision of the Commissioner under sentence four of 42 U.S.C. § 405(g); and

5) **REMANDS** this case to the Commissioner for further proceedings consistent with this decision.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court **DIRECTS** the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record.

**Dated:** February 12, 2018.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE